URE LAW FIRM
8280 Florence Avenue, Suite 200
Downey, CA 90240
Telephone: (213) 202-6070
Facsimile: (213) 202-6075
Thomas B. Ure – State Bar No. 170492
tom@urelawfirm.com

Proposed attorney for
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:26-bk-13916-VZ |
| RMA CA, INC. | Chapter 11 |
|     Debtor and Debtor-in-Possession. | **STIPULATION FOR ADEQUATE PROTECTION AND USE OF CASH COLLATERAL** |
| | Hearing on Cash Collateral Motion:<br>Date:  May 5, 2026<br>Time:  11:00 a.m.<br>Place:  Courtroom 1368<br>      255 E. Temple Street<br>      Los Angeles, CA 90012 |

IT IS HEREBY STIPULATED AND AGREED by and between RMA CA, INC. ("Debtor") and the UNITED STATES, THROUGH ITS AGENCY, THE U.S. SMALL BUSINESS ADMINISTRATION ("SBA", collectively, with Debtor, the "Parties"), through their respective counsel of record, as follows:

///

///

///

1

## **RECITALS**

A.       The Debtor filed a voluntary Chapter 11 bankruptcy petition on April 22, 2026 ("Petition Date").

B.       Pre-petition, on or about May 19, 2020, the Debtor executed a U.S. Small Business Administration Note, pursuant to which the Debtor obtained a COVID Economic Injury Disaster Loan for a principal amount of $91,000.00 ("Original Note"). On or about January 13, 2022, the Debtor executed a U.S. Small Business Administration Modification of Note, pursuant to which the Debtor obtained additional COVID Economic Injury Disaster Loan funds for a cumulative principal amount of $178,800.00. The terms of the Modified Note require the Debtor to pay principal and interest payments of $906.00 every month beginning twenty-four (24) months from the date of the Original Note (subject to certain Congressionally approved extensions) over the thirty (30) year term of the SBA Loan. The SBA Loan has an annual rate of interest of 3.75% and may be prepaid at any time without notice or penalty. As of the Petition Date, the amount due on the SBA Loan was approximately $193,852.69.

C.       Pursuant to the SBA Loan Authorization and Agreement executed on May 19, 2020 and the Amended Loan Authorization and Agreement executed on January 13, 2022, the Debtor is required to "use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter and for loans of more than $25,000.00 to pay Uniform Commercial Code ("UCC") lien filing fees and a third-party UCC handling charge of $100.00 which will be deducted from the Loan amount stated above."

D.       As evidenced by the Security Agreement executed on May 10, 2020, valid UCC-1 filing on May 29, 2020 as Filing Number 20-7782854831 and a UCC-3 filing on May 15, 2025 as Filing Number U250136993946, the SBA Loan is secured by all tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the UCC (collectively, the "Personal Property Collateral").   The security interest includes all accessions,

attachments, accessories, parts, supplies and replacements for the Personal Property Collateral, all products, proceeds and collections thereof and all records and data relating thereto. *See* SBA Proof of Claim No. 1.

E.      Based upon the SBA's secured lien against the Personal Property Collateral, including but not limited to, cash collateral, on an interim basis, the Debtor and SBA have reached an agreement to permit the Debtor to use cash collateral, retroactively from April 22, 2026 through July 26, 2026, on the terms and conditions set forth below.

## **STIPULATION**

1.      Recitals.  The Recitals set forth above are incorporated herein by this reference and shall be deemed a material part of the Stipulation.

2.      Use of Cash Collateral.  Subject to the terms and conditions of this Stipulation, the Parties agree that portions of the Personal Property Collateral constitute the cash collateral of the SBA ("Cash Collateral"), pursuant to 11 U.S.C. §§ 361, 362, 363 and 552(b). The SBA consents to the Debtor's continued use of Cash Collateral through and including July 26, 2026 for payment of the ordinary and necessary post-petition expenses.

3.      Replacement Lien.  As adequate protection, retroactive to the Petition Date, SBA shall receive a replacement lien(s) (collectively, the "Replacement Lien") that is deemed valid, binding, enforceable, non-avoidable, and automatically perfected, effective as of the Petition Date, on all post-petition revenues of the Debtor to the same extent, priority and validity that its lien attached to the Personal Property Collateral. The scope of the Replacement Lien is limited to the amount (if any) that the Cash Collateral diminishes post-petition as a result of the Debtor's post-petition use of the Cash Collateral. Notwithstanding any of the foregoing, the Replacement Lien shall not include any liens or claims for relief arising under the U.S. Bankruptcy Code, including without limitation, 11 U.S.C. Sections 506(c), 544, 545, 547, 548 and 549.

4.      Adequate Protection Payments to SBA. Debtor shall remit adequate protection payments to the SBA in the amount of $906.00 per month, with the first payment to be paid on or before May 15, 2026.  Adequate protection payments shall include the Debtor's SBA Loan number and be paid via the MySBA Loan Portal at https://lending.sba.gov. Debtor agrees that any SBA mailing of monthly billing

3

statements to the Debtor shall be for informational purposes only and shall not be deemed a violation of the automatic stay. The order approving the Stipulation shall be deemed to constitute a security agreement under the applicable provision of the UCC in effect, and the Replacement Liens granted thereby on post-petition collateral shall be valid, perfected and enforceable security interest and liens on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, to the extent that SBA has valid and perfected security interests prior to the Petition Date.

5.     Priority Claim. The SBA shall be entitled to a super-priority claim over the life of the Debtor's bankruptcy case, pursuant to 11 U.S.C. §§ 503(b) and 507(b), which claim shall be limited to any diminution in the value of SBA's collateral, pursuant to the SBA Loan, as a result of Debtor's use of Cash Collateral on a post-petition basis.

6.     Renewal of Use of Cash Collateral. The Debtor's use of Cash Collateral may be renewed upon subsequent stipulation with SBA or by order of this Court.

7.     Payment of Insiders. Debtor shall not use the Cash Collateral for payment to insiders unless and until the Debtor has satisfied all requirements under the Bankruptcy Code and Local Bankruptcy Rule 2014-1 for payment to insiders.

8.     Plan of Reorganization. Debtor shall use its best efforts to diligently seek confirmation of a Chapter 11 plan of reorganization. SBA reserves its right to object to the Debtor's proposed Chapter 11 plan of reorganization, and does not waive any rights, claims or interests in the Chapter 11 bankruptcy case.

9.     Reservations of Rights. Notwithstanding any other provision hereof, the grant of adequate protection to the SBA pursuant hereto is without prejudice to the right of the SBA to seek modification of the grant of adequate protection provided hereby so as to provide different or additional adequate protection, and without prejudice to the right of the Debtor or any other party in interest to contest any such modification. Nothing herein shall be deemed to waive, modify or otherwise impair the respective rights of the SBA, and the SBA expressly reserves all of its respective rights and remedies whether now existing or hereafter arising under the underlying security documents and/or equity or law.

10.   No Waiver of Defaults.  Nothing in this Stipulation shall be construed as or constitute: (a) a waiver of or acquiescence to the default(s) under the SBA Loan which shall continue in existence; (b) waiver of acceleration of the SBA Loan; (c) an extension, modification, or novation of the SBA Loan or obligation thereunder; (d) a waiver of any right, power or remedy of the SBA under the SBA Loan; or (e) a reinstatement of the SBA Loan.  SBA expressly reserves all of its rights and remedies under all applicable agreements.

11.   Insurance.  Debtor agrees to maintain insurance on the Personal Property Collateral and to designate SBA as a loss payee or additional insured in accordance with the SBA Loan and related loan documents and agrees to provide proof of insurance within seven (7) days upon written request of SBA.

12.   Financial Reporting.  Debtor shall timely provide all monthly financial information, including but not limited to, U.S. Trustee monthly operating reports.

13.   Modification/Amendment.  This Stipulation may be modified/amended only in a writing signed by the party(ies) to be charged with such modification/amendment or pursuant to order of the Bankruptcy Court.

14.   Assignability, Binding Effect and Survival.  This Stipulation shall inure to the benefit of and shall be binding upon the Parties, their successors and assigns.  The SBA replacement lien and superior priority claim in favor of the SBA shall continue in full force and effect in the event of a dismissal of the case.  Debtor may not assign this Stipulation without SBA's consent.  To the extent that the SBA has the right to assign its rights to a third party under the SBA Loan and related loan documents, SBA may assign this Stipulation to any assignee to which it assigns its rights under the SBA Loan and related Security Agreement and UCC-1 and UCC-3 Financing Statements.

15.   Effectiveness.  This Stipulation shall remain in effect until July 26, 2026, or until the Parties enter into a modified/amended or renewed Stipulation or a Chapter 11 Plan is confirmed, or until the case is converted or dismissed, whichever first occurs.

16.   Entire Agreement.  This Stipulation contains all of the agreements between the Parties, and is intended to be and is the final and sole agreement between the Parties.  The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written

agreement, whether written or oral, are of no further legal or equitable force or effect.  Any subsequent modification to this Stipulation must be in writing, and must be signed and executed by the Parties.

17.     Authority.  The Parties to this Stipulation represent and warrant that each has reviewed and understands its terms and contents.  The Parties to this Stipulation further represent and warrant that each has the power to execute, deliver, and perform this Stipulation; that each has taken all necessary action to authorize the execution, delivery, and performance of this Stipulation; and that this Stipulation is enforceable in accordance with its terms.

18.     Representation by Counsel. The Parties do hereby acknowledge and agree that each has been represented by, or had the opportunity to seek representation by, independent counsel of his or its own choice throughout all negotiations that preceded the execution of this Stipulation. Debtor represents and acknowledges that it enters into this Stipulation freely and voluntarily. Debtor further acknowledges that it has had sufficient opportunity to consult with an attorney regarding the terms and conditions of this Stipulation.

19.     Execution. It is contemplated that this Stipulation may be executed in several counterparts with a separate signature page for each Party. All such counterparts and signature pages, collectively, will be deemed to be one document.

20.     Retention of Jurisdiction.  This Court shall retain jurisdiction to enforce the terms of this Stipulation.

21.     Court Approval. This Stipulation is subject to approval by Bankruptcy Court order. Bankruptcy Court order.

///

///

///

22.    Fees.  The Parties will bear their own attorney's fees, costs and expenses in connection with this Stipulation.

Respectfully submitted,

Dated:  May 4, 2026

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section


By: *Elan S. Levey*
ELAN S. LEVEY
Assistant United States Attorney
Attorneys for U. S. Small Business Administration


Date:   May 4, 2026

URE LAW FIRM




By:    /s/ Thomas B. Ure
THOMAS B. URE
Proposed General Counsel for RMA CA, INC.
Chapter 11 Debtor

| In re:<br><br>**RMA CA, INC.**<br><br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **2:26-bk-13916-VZ** |
| --- | --- |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**8280 Florence Avenue, Suite 200**
**Downey, CA 90240**

A true and correct copy of the foregoing document entitled (*specify*):   **STIPULATION FOR ADEQUATE PROTECTION AND USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **5/4/2026**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Gregory Kent Jones (TR)     gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com**
**Elan S Levey     elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov**
**Kelly L Morrison     kelly.l.morrison@usdoj.gov**
**United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov**
**Thomas B Ure     tom@urelawfirm.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On   **5/4/2026**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**United States Bankruptcy Court**
**Honorable Vincent P. Zurzolo**
**255 E. Temple Street, Suite 1368**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/4/2026 | **Yolanda Segura** | /s/ Yolanda Segura |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.