URE LAW FIRM
8280 Florence Avenue, Suite 200
Downey, CA 90240
Telephone: (213) 202-6070
Facsimile: (213) 202-6075
Thomas B. Ure – State Bar No. 170492
tom@urelawfirm.com

Proposed attorney for
Debtor and Debtor in Possession

FILED & ENTERED

MAY 13 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mohammad DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>RMA CA INC.,<br><br>    Debtor and Debtor-in-<br>    Possession. | ) Case No.: 2:26-bk-13916-VZ<br>)<br>) Chapter 11 (SubV)<br>)<br>) INTERIM ORDER: (I) AUTHORIZING<br>) THE DEBTOR TO UTILIZE CASH<br>) COLLATERAL PURSUANT TO 11<br>) U.S.C. §§ 361, 362,363; (II)<br>) GRANTING ADEQUATE PROTECTION<br>) PURSUANT TO 11 U.S.C. §§ 361,<br>) 362, 363; (III) SCHEDULING A<br>) CONTINUED OR FINAL HEARING;<br>) (IV) GRANTING RELATED RELIEF<br>) AND GRANTING STIPULATION FOR<br>) ADEQUATE PROTECTION AND USE OF<br>) CASH COLLATERAL<br>)<br>) DATE: May 5, 2026<br>) TIME: 11:00 a.m.<br>) CTRM: 1368<br>) PLACE:255 E Temple St.<br>)     Los Angeles, CA 90012<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

-1-

A hearing was held at the above-reference date, time and location for the Court to consider approval of the emergency motion for use of Cash Collateral (the "Motion") filed as Docket Number 18 by RMA CA INC., LLC (the "Debtor"), the debtor and debtor-in-possession in chapter 11 bankruptcy case.  Appearances are noted on the Court record.

The Court considered the Motion and all the pleadings filed by the Debtor in support of the Motion, all oppositions filed to the Motion (if any), the statements, arguments and representations of the parties made at the hearing on the Motion, and good cause appearing,

**HEREBY FINDS AS FOLLOWS:**

A.  Except as otherwise provided herein, this Court has jurisdiction over the Debtor's case, the Motion, and the parties and property affected thereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Motion, the relief requested therein and the interim hearing on the Motion was served by the Debtor on its twenty largest unsecured creditors, all known secured creditors, all Lenders, the United States Trustee for the Central District of California, and any parties who have requested special notice in this case (collectively, the "Service Parties").  Under the circumstances, the notice given by the Debtor of the Motion, the relief requested therein, and the interim hearing on the Motion constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(b).

C. The Debtor has an immediate need to use cash collateral to pay the expenses set forth in the Initial Interim Cash Collateral Budget to the supporting declaration as Exhibit "B" (the "Initial Interim Cash Collateral Budget") as well as the additional payments pursuant to the terms of the stipulation between Debtor and the Small Business Administration filed as Docket 31 which provide for monthly payments of $906.00 commencing May 15, 2026.  Payment of such expenses is necessary to enable the Debtor to avoid immediate and irreparable harm to the Debtor and its estate.

D. The Debtor requested immediate entry of this Initial Interim Order pursuant to Bankruptcy Rule 4001(b)(2).  Absent granting the interim relief set forth in this Initial Interim Order, the Debtor's estate will be immediately and irreparably harmed.

E. Authorizing the Debtor to use cash collateral to pay the expenses set forth in the Initial Interim Cash Collateral Budget as well as the additional payments pursuant to the terms of the stipulation between Debtor and the Small Business Administration filed as Docket 31 which provide for monthly payments of $906.00 commencing May 15, 2026 found to be in the best interest of the Debtor's estate.

F. Good cause has been shown for the entry of this Initial Interim Order.

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the interim hearing, and good and sufficient cause appearing therefor,

///

THIS COURT HEREBY ORDERS, DETERMINES AND DECREES AS FOLLOWS:

1. The Motion is granted in its entirety on the terms and conditions set forth in this Initial Interim Order, with the foregoing findings incorporated herein by reference. This Initial Interim Order shall be valid and binding on all parties-in-interest and fully effective immediately upon its entry.

2. The Debtor is authorized to use cash collateral, as such term is defined in 11 U.S.C. § 363(a), to pay the expenses set forth in the Initial Cash Collateral Budget subject to the Permitted Variance as the additional payments pursuant to the terms of the stipulation between Debtor and the Small Business Administration filed as Docket 31 which provide for monthly payments of $906.00 commencing May 15, 2026.

3. The Lenders are granted Super-Priority Claims to the extent they are secured creditors (with valid and perfected liens on assets of this estate) on account of any post-petition diminution in the value of such Lenders' respective collateral with any such Super-Priority Claim to have priority over any and all administrative expenses and claims asserted against the Debtor or its bankruptcy estate.

4. The Lenders are granted the Adequate Protection Liens and all proceeds therefrom with such Adequate Protection Liens to have the same validity, priority and scope as their pre-petition liens.

5. A continued interim hearing on the Motion shall be held on July 14, 2026 at 11:00 a.m. The Debtor shall provide notice of the continued interim hearing by regular U.S. Mail to all of the Service Parties and file any supplement to the Motion including any further proposed cash collateral budget by June 23, 2026.

Any objection to the Motion and the Debtor's continued use of cash collateral must be filed with the Court and served on counsel for the Debtor by no later than June 30, 2026.

Any reply by the Debtor to any such objection must be filed with the Court on served on counsel to the objecting party by July 7, 2026.

**IT IS SO ORDERED.**

### #

Date: May 13, 2026

Vincent P. Zurzolo
United States Bankruptcy Judge